IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ALFONSO LOPEZ GARCIA,

Defendant.

4:14-CR-3025

MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion for compassionate release (filing 130) pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will deny the defendant's motion.

Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

The defendant's motion is based on the risk of COVID-19. *See* filing 130 at 3. But the defendant *already had* COVID-19. *See* filing 132 at 2. His case was apparently asymptomatic, and he was released from quarantine 13 days after being diagnosed. Filing 132 at 2; filing 133 at 20, 87-88. The Court acknowledges the theoretical possibility that the defendant's previous course of the disease *might* not confer lasting immunity, and that the defendant may

or may not be harder hit if he contracts the disease a second time. His list of medical conditions includes diabetes and hypertension, which are known comorbidities of COVID-19. *See* filing 132 at 2; *see generally Scientific Evidence for Conditions that Increase Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last visited July 28, 2020). And the Court acknowledges that much remains to learn about this disease.

But at this point, despite the unknowns, there's little evidence of human reinfection of the novel coronavirus that causes COVID-19, and fairly good reason to believe that survivors of COVID-19 are likely to have functional immunity. *See* Nina Le Bert *et al.*, *SARS-CoV-2-specific T cell immunity in cases of COVID-19 and SARS, and uninfected controls*, Nature (Jul. 15, 2020), https://doi.org/10.1038/s41586-020-2550-z; Anja Wajnberg *et al.*, *SARS-CoV-2 infection induces robust, neutralizing antibody responses that are stable for at least three months*, medRxiv (Jul. 17, 2020, https://doi.org/10.1101/2020.07.14.20151126; Robert D. Kirkcaldy *et al.*, *COVID-19 and Postinfection Immunity*, JAMA (May 11, 2020), http://doi.org/10.1001/jama.2020.7869; Daniel M. Altmann *et al.*, *What policy makers need to know about COVID-19 protective immunity*, 395 The Lancet 1527-29 (Apr. 27, 2020), https://doi.org/10.1016/S0140-6736(20)30985-5. Absent contravening information, the evidence suggests the defendant is *less* likely—perhaps far less likely—to be at risk of COVID-19 than other people, despite his other medical conditions.

In addition, even if the risk to the defendant was more than hypothetical, the § 3553(a) factors weigh against relief. The defendant has completed only about half of a 135-month sentence for trafficking substantial amounts of methamphetamine and heroin. *See* filing 94, filing 97. The Court cannot justify releasing him into the community now based on a theoretical possibility of reinfection for which there is little or no evidence. Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 130) is denied.

Dated this 31st day of June, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge